UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LYNN RICHARD NORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-CV-00039-DCLC-MJD |
| | ) | |
| EMILY SWECKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Objections filed by Plaintiff to the magistrate judge's Report and Recommendation ("R&R") which screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and 1915A. Plaintiff filed a motion for extension to file objections to the magistrate judge's R&R [Doc. 14]. That motion [Doc. 14] is **GRANTED.** The Court will consider Plaintiff's objections.

The magistrate judge recommended Plaintiff's Complaint be dismissed, finding that his claims are barred by the doctrine set out in *Heck v. Humphrey*, 512 U.S. 477 (1994) and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). After a *de novo* review of the R&R, this Court finds that the magistrate judge appropriately analyzed and screened Plaintiff's Complaint. Plaintiff's objections to the R&R are **OVERRULED** and this case is **DISMISSED WITHOUT PREJUDICE**.

I.  **BACKGROUND**

Plaintiff was indicted by a federal grand jury for a conspiracy to distribute 50 grams or more of methamphetamine, distribution of methamphetamine, possession of a firearm by a felon,

1

and aiding and abetting the possession of methamphetamine with the intent to distribute. *See United States v. Lynn Norton*, Case No. 2:19-cr-145 (E.D. Tenn.). A jury found him guilty of all charges save for the aiding and abetting the possession of methamphetamine. The Court sentenced him to a below-Guideline sentence of 240 months' imprisonment. The Sixth Circuit affirmed his conviction and sentence. On appeal, Plaintiff challenged the sufficiency of the evidence supporting the jury's verdict, challenging the credibility of the witnesses who testified against him. The Sixth Circuit rejected his claim, finding that "any rational juror could have concluded, based on the testimony of Ward and Greene alone, that [Plaintiff] conspired with Ward to distribute methamphetamine." *United States v. Norton*, Nos. 22-5293/5299 at pg. 5 (6th Cir. 2023).

Having failed on appeal, Plaintiff now turns his attention to the law enforcement officers and Assistant United States Attorneys (collectively "Defendants") who investigated and prosecuted his case. Plaintiff alleges Defendants "conspired with one another and with at least one confidential informant in various ways, including specifically to offer perjured and fabricated testimony during the criminal proceedings before the Grand Jury and at trial." [Doc. 12, pg. 3]. He claims the officers violated his Fourth Amendment rights and subjected him to malicious prosecution. While he did not sue the district judge and the magistrate judge in his complaint, he alleges they also aided and abetted the conspiracy against him. [*Id.* at 4.] Plaintiff requests a full investigation into the "illegal conduct by the prosecutors and law enforcement officers . . . and requests prosecution against the prosecutors and officers involved in this civil rights conspiracy against [him] . . . ." [Doc. 1, pg. 6]. He also requests federal charges be placed against the officers and prosecutors and that the Court appoint a special investigator "to assist these complaint [sic] and investigation." [*Id.* at 17].

**II.   ANALYSIS**

Within fourteen days after being served with an R&R as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Plaintiff objects to the R&R but does not challenge the magistrate judge's application of the law. Instead, in his objection, he reasserts what he alleged in his complaint: that law enforcement and the prosecutors violated his Fourth Amendment rights, conspired to "illegally indict" him for a drug conspiracy, and presented "[f]alse evidence and charges used to convict [him]." [Doc. 15, pg. 4]. Thus, the Court will focus on whether the magistrate judge properly analyzed Plaintiff's factual allegations and the applicable law.

This Courts finds, upon review of the entire record, that the magistrate judge properly analyzed and applied the appropriate legal standard in recommending Plaintiff's complaint be dismissed. Plaintiff's allegations of misconduct by law enforcement and the prosecutors involved would necessarily imply the invalidity of his federal conviction and sentence. But as the magistrate judge noted, "a plaintiff [can] not bring a § 1983 action if a favorable judgment would necessarily imply the invalidity of his conviction or sentence." [Doc. 12, pg. 4] (citing *Harper v. Jackson*, 293 F. App'x 389, 391 (6th Cir. 2008)). In those instances, the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated by executive order, reversal on direct appeal, or writ of habeas corpus." *Id*. (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Plaintiff appealed his convictions with no success. The Sixth Circuit rejected his arguments on appeal and affirmed his conviction and sentence. And his

3

petition filed under 28 U.S.C. § 2255 has not been resolved. His conviction and sentence remain intact. Accordingly, the magistrate judge correctly concluded that Plaintiff's claims are barred by the doctrine set forth in *Heck*.

Plaintiff has also asserted claims against Defendants acting under color of federal law under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But once again, as the magistrate judge correctly found, these claims fail. "The *Heck* holding applies equally to an action brought under *Bivens*." *Robinson v. Jones*, 142 F.3d 905, 907 (6th 1998). Thus, because his conviction has not been set aside, any claim alleging prosecutorial misconduct that would undermine his conviction is not cognizable until that conviction has been invalidated by appropriate legal means.

Plaintiff's objections raise no concern about the analysis employed by the magistrate judge. He has presented no arguments that the magistrate judge improperly analyzed the facts Plaintiff alleges. Rather, he simply reasserts that there is a conspiracy engaged in by Defendants to violate his civil rights by presenting false testimony at his jury trial.

The Court has reviewed *de novo* the magistrate judge's R&R. The Court **ACCEPTS** the magistrate judge's recommended disposition and **ADOPTS** the R&R as the findings of the Court in this case. Plaintiff's claims are barred by the *Heck* doctrine as are his claims against Defendants acting under color of federal law under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Because Plaintiff's habeas petition has not yet been resolved, the Court will dismiss the case without prejudice.

### III. CONCLUSION

Plaintiff's motion for an extension to file objections [Doc. 14] is **GRANTED.** After

4

Case 2:25-cv-00039-DCLC-MJD Document 16 Filed 07/18/25 Page 4 of 5 PageID #: 61

considering Plaintiff's Objections [Doc. 15], the R&R [Doc. 12], and the record as a whole, the Court finds that the R&R properly analyzes the issues presented. For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that the R&R [Doc. 12] is **ADOPTED**, the Plaintiff's motion for an injunction [Doc. 2] is **DENIED**, and Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge